IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICK AMADASUN,<br>    Plaintiff,<br>               v.<br>GOOGLE, INC.,<br>    Defendant. | Civil Action No.<br>1:21-cv-04854-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendant Google LLC's[1] motion to dismiss and compel arbitration or, in the alternative, to transfer venue or dismiss for failure to state a claim [ECF 4] and Defendant Patrick Amadasun's motion to remand [ECF 7]. After careful review of the parties' briefing, the Court **GRANTS** Google's motion to dismiss and compel arbitration and **DENIES AS MOOT** Amadasun's motion to remand.

**I.  Background**

Amadasun filed suit in the Superior Court of Fulton County, Georgia, alleging that Google defamed him by sending a series of emails, which were accessible to Amadasun's employees, informing him that his account with Google's advertising program (Google Ads) was suspended for fraudulent activity

---

[1]  Google LLC was improperly named as Google, Inc. in Amadasun's Complaint.

and referring to him as a "fraudster."[2] Google removed the case to this Court, claiming diversity jurisdiction,[3] and now moves to dismiss and compel arbitration or, alternatively, to transfer venue or dismiss for failure to state a claim.[4] Amadasun moves to remand the case back to state court.[5] Both motions are fully briefed and ripe for consideration.[6]

## II.  Discussion

Google's motion to dismiss and Amadasun's motion to remand both question whether this Court is the proper forum for Amadasun's claims. Though, typically, subject matter jurisdiction is a threshold issue, the Court has leeway "to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). A district court may,

---

[2]  ECF 1-1, ¶¶ 3–10.

[3]  ECF 1.

[4]  ECF 4.

[5]  ECF 7.

[6]  ECF 8 (Amadasun's Opp. to Google's Mot. Dismiss); ECF 10 (Google's Opp. to Amadasun's Mot. Remand); ECF 11 (Google's Reply in Support Mot. Dismiss). Amadasun filed two identical oppositions to Google's motion, ECF 8 and ECF 9. For ease of reference, the Court will refer to ECF 8. Additionally, without seeking leave to do so, Amadasun filed another reply in opposition to Google's motion to dismiss. ECF 12. As Google did not object to the filing, and it does not alter the Court's analysis, the Court has considered the reply.

therefore, "bypass[ ] questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant," and decide "that the merits should be adjudicated elsewhere." *Id.* at 432. "The underlying principle is that 'jurisdiction is vital only if the court proposes to issue a judgment on the merits.'" *A.W. v. Tuscaloosa City Sch. Bd. of Educ.*, 744 F. App'x 668, 671 (11th Cir. 2018) (quoting *Sinochem Int'l Co.*, 549 U.S. at 431). In response to Google's motion, Amadasun expressed a preference for arbitration because it will "keep this action private."[7] He does not, however, consent to dismissal.[8] Given Amadasun's preference, and in the interest of convenience and fairness, the Court will determine whether dismissal in favor of arbitration is appropriate, and not whether it must remand the case to state court.[9] *See Marietta Drapery & Window*

---

[7] ECF 8, at 2.

[8] *Id.* at 13.

[9] It is worth noting that the Court's subject matter jurisdiction over this case is not as obvious as Google represents. ECF 10, at 4–5. Google is a limited liability company, which means, for jurisdictional purposes, it is a citizen "of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Google failed to provide the citizenship of its members in either its notice of removal or its response in opposition to the motion to remand and would be required to do so to avoid remand. ECF 1, ¶ 2; ECF 10, at 5.

*Coverings Co. v. N. River Ins. Co.*, 486 F. Supp. 2d 1366, 1368 (N.D. Ga. 2007) (electing to rule on transfer based on first-filed rule rather than motion to remand).

### A. The Arbitration Agreement Is Valid and Enforceable.

"The validity of an arbitration agreement is generally governed by the Federal Arbitration Act (FAA)." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). Under the FAA, a court must "either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (citing 9 U.S.C. §§ 2–4 and *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1061 (11th Cir. 1998)). "[I]n determining whether a binding agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of contracts." *Caley*, 428 F.3d at 1368. Even in applying state law, the Court considers the federal policy favoring arbitration. *Id.* (quoting *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2004)).

Google claims that Amadasun entered into a binding arbitration agreement when he accepted Google's terms in setting up his Google Ads account.[10] It is undisputed that Amadasun created a Google Ads account,[11] and Google has submitted evidence that Amadasun agreed to the terms of the Google Ads program in creating his account.[12] On a motion to compel arbitration, the Court may consider matters outside the pleadings. *Chambers v. Groome Transp. of Ala.*, 41 F. Supp. 3d 1327, 1334 (M.D. Ala. 2014) (citing *Johnson v. KeyBank Nat'l Assoc.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (describing an order compelling arbitration as "summary-judgment-like")). The terms of the Google Ads program include a provision entitled "Arbitration of disputes," which states that Google and the customer (Amadasun) "agree to arbitrate all disputes and claims between Google and Customer . . . that arise out of or relate in any way to [Google Ads]."[13] The terms also provide that all claims related to the program are governed by California law.[14]

---

[10] ECF 4-1, at 8–10.
[11] ECF 1-1, ¶¶ 3, 5.
[12] ECF 4-2, ¶¶ 4–5.
[13] *Id.* at 9.
[14] *Id.* at 11.

In a conclusory fashion, Amadasun argues that there is no binding arbitration agreement because there was no "meeting of the minds" as to the essential terms of the contract and because he opted out of the arbitration agreement.[15] It is unclear whether Amadasun challenges the validity of the entire agreement, including the provision applying California law, or just the arbitration provision. The Court agrees with Google, however, that the analysis remains the same whether the Court applies Georgia or California law. Under both, a party to a contract demonstrates mutual assent to its terms by acting on or accepting the benefits of the contract. *See Honig v. Comcast of Ga. I, LLC*, 537 F. Supp. 2d 1277, 1284 (N.D. Ga. 2008) (under Georgia law, plaintiff was bound by arbitration agreement in cable subscription agreement by accepting service without objecting to the terms); *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1059 (N.D. Cal. 2010) (users assented to terms of internet ad-service by electronically indicating that they "accepted" the terms of use prior to accessing the services).

Google has shown that Amadasun accepted the benefits of the advertising program, and assented to the terms of the program, when he created his account.[16] Amadasun has not offered evidence or argument suggesting otherwise. Nor has

---

[15] ECF 8, at 13.

[16] ECF 4-2, ¶¶ 4–6.

he shown that he followed the contract's procedure for opting out of the dispute resolution provisions.[17] The Court finds, therefore, that Amadasun entered into a binding arbitration agreement with Google when he created his Google Ads account. *Larsen v. Citibank FSB*, 871 F.3d 1295, 1307 (11th Cir. 2017) (rejecting consumer's unsupported claim that he did not investigate terms of account and finding that bank met its burden of establishing consent to arbitration by "providing uncontroverted evidence" of signature before use of service).

Google has also established that Amadasun's claims fall within the scope of the arbitration agreement. The agreement applies broadly to "all disputes and claims between Google and Customer . . . that arise out of or relate in any way to Google Ads or these Terms," and includes "claims brought under any legal theory."[18] Amadasun's defamation claims arise out of Google's suspension of his Google Ads account and the way in which it communicated the suspension to him.[19] These claims clearly "relate to" the advertisement program and fall within the broad scope of the arbitration provision. *See Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1218 (11th Cir. 2011) (a claim "arises from" or "relates to" an

---

[17] *Id.* at 11.

[18] *Id.* at 9.

[19] ECF 1-1, ¶¶ 3–10.

agreement where it has some direct relationship with the performances of duties specified by the contract).

### B. Dismissal Is Appropriate.

Google argues that dismissal, rather than a stay, is appropriate because all Amadasun's claims are covered by the arbitration agreement.[20] Though he did not request a stay, Amadasun opposes dismissal.[21] District courts in this circuit disagree as to whether dismissal is permissible under the FAA. *See Valiente v. Holiday CVS, LLC*, No. 20-CV-20382, 2020 WL 2404701, at *2 (S.D. Fla. May 12, 2020) (discussing split of authority and collecting cases). Some courts find that the clear language of Section 3 of the FAA requires courts to stay, rather than dismiss, a case when compelling arbitration. *See e.g., Coker v. Instant Checkmate, LLC*, No. 1:19-CV-736-TFM-B, 2020 WL 71271, at *1 (S.D. Ala. Jan. 7, 2020) (noting that Section 3 of the FAA provides that federal courts "shall on application of one of the parties stay" the proceeding where any issue is referable). These cases find support in *Bender v. A.G. Edwards & Sons, Inc.*, in which the Eleventh Circuit found error in the court's dismissal, noting that "[u]pon finding that a claim is subject to an

---

[20]   ECF 4-1, at 13.

[21]   ECF 8, at 12.

arbitration agreement, the court should order that the action be stayed pending arbitration." 971 F.2d 698, 699 (11th Cir. 1992).

However, other courts have found that dismissal is appropriate when all claims are subject to arbitration. *Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367, 1379 (N.D. Ga. 2004) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.")), *aff'd*, 428 F.3d at 1359. Distinguishing *Bender*, the Eleventh Circuit has also indicated that a stay is only mandatory when, among other things, one of the parties applies for a stay. *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1268 (11th Cir. 2015) ("[S]ection 3 qualifies the mandatory nature of any stay it authorizes by requiring a party to apply for the stay."). *See also Lambert*, 544 F.3d at 1195 (noting court must "either stay *or dismiss*" a case when parties are bound by arbitration agreement) (emphasis added). The Eleventh Circuit has, in fact, upheld several orders dismissing claims and compelling arbitration. *See, e.g., Caley*, 428 F.3d at 137 ("[T]he district court properly granted defendants' motions to dismiss and to compel arbitration.").

The Court agrees with the latter approach and finds that dismissal is appropriate here. Amadasun did not request that the Court enter a stay and each of his claims relates to the advertising program and, therefore, is subject to arbitration. Moreover, neither party believes that this Court is the appropriate forum for Amadasun's claim. Amadasun argues that the Superior Court of Fulton County is the appropriate forum,[22] and Google argues that, if the claims are not arbitrable, the appropriate venue is the Northern District of California.[23] Dismissal is appropriate under these circumstances.

### III. Conclusion

Google's motion to dismiss and compel arbitration [ECF 4] is **GRANTED**. Amadasun's motion to remand [ECF 7] and Google's alternative requests for relief are **DENIED AS MOOT**. Amadasun's claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close this case. Amadasun is **ORDERED**

---

[22] ECF 7.

[23] EFC 4-1, at 20–23.

to submit his claims to binding arbitration in compliance with the terms of the Google Ads program.

**SO ORDERED** this 19th day of July, 2022.

Steven D. Grimberg
United States District Court Judge