## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

PATRICK AMADASUN,

    Plaintiff,

             v.

GOOGLE, LLC,

    Defendant.

Civil Action No.
1:21-cv-04854-SDG

## OPINION AND ORDER

This matter is before the Court on *pro se* Plaintiff Patrick Amadasun's motion to reopen his case and for a jury trial [ECF 15]. Defendant Google, LLC has filed a motion for leave to file matters under seal [ECF 21], and filed the documents under provisional seal [ECF 20]. After careful review of the parties' briefing, the Court **DENIES** Amadasun's motion and **GRANTS** Google's sealing motion.

### I.    Background

In 2021, Amadasun filed suit in the Superior Court of Fulton County, Georgia, alleging that Google[1] defamed him by sending a series of emails, which were accessible to Amadasun's employees, informing him that his account with Google's advertising program (Google Ads) was suspended for fraudulent activity and referring to him as a "fraudster."[2] Google removed the case to this Court,

---

[1]    Google, LLC was improperly named as Google, Inc. in Amadasun's Complaint.

[2]    ECF 1-1, ¶¶ 3–10.

based on diversity of jurisdiction.[3] A few days after removal, Google filed a motion seeking to compel arbitration, transfer the case to the Northern District of California, or dismiss for failure to state a claim.[4] In ordering the parties to arbitrate, the Court concluded that the arbitration agreement between Amadasun and Google was valid and enforceable.[5] The case was thus dismissed without prejudice in July 2022.

Amadasun subsequently filed his claim with the American Arbitration Association (AAA) seeking $5 million to $10 million in damages, triggering a fee-sharing provision in his arbitration agreement with Google.[6] As the arbitration progressed, Amadasun objected to his share of arbitral fees.[7]  He sought to have the cost of arbitration shifted entirely to Google based on his alleged inability to pay.[8] The Arbitrator gave Amadasun an opportunity to demonstrate his inability to pay by submitting documents establishing his indigent status.[9] The Arbitrator

---

[3]  ECF 1. The parties have complied with the Court's Order to Show Cause [ECF 24] and confirmed that the parties are of diverse citizenship [ECF 25, 26].

[4]  ECF 4.

[5]  ECF 13.

[6]  ECF 15, at 10; ECF 19, at 4. The case was accepted by the AAA as a Commercial Arbitration, instead of a Consumer Arbitration, because of the amount of damages Amadasun sought.

[7]  ECF 15, at 10; ECF 19-1, at 86–92.

[8]  ECF 19-1, at 94–95.

[9]  *Id*.

reviewed Amadasun's filed documents and denied his request to reallocate fees, determining that Amadasun had the ability to pay the arbitral fees.[10] Amadasun, however, never paid his share of the arbitral fees, and the arbitration was terminated as a result.[11] He now moves to reopen this case, claiming that the arbitration was biased.[12]

## II.    Discussion

Amadasun insists this Court should reopen the case and provide him with a jury trial, arguing he is "a consumer of [Google] and should not [have been] forced into Commercial Arbitration."[13] Amadasun further argues that the arbitration "was an unfair and unjust process which was skewed favorably to [Google] and places an enormous burden on [Amadasun]."[14] Google argues that Amadasun has not provided this Court any valid reason to reverse its decision compelling this matter to arbitration.[15] The Court agrees.

As an initial matter, this Court reads liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). However, *pro se* litigants

---

[10]    *Id.* at 127.

[11]    ECF 23-1.

[12]    ECF 15.

[13]    *Id*. at 3.

[14]    *Id.*

[15]    ECF 19, at 2.

are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

In a previous Order,[16] this Court found that Amadasun entered into a binding arbitration agreement with Google when he created his Google Ads account, and that his claims fell within the scope of the arbitration agreement. Furthermore, the parties agreed to arbitrate the dispute.[17] His decision to abandon arbitration does not entitle him to revive this case. The Court ordered arbitration and nothing about that has changed.

Even assuming the arbitration (or arbitrator) was biased as Amadasun contends — although there is nothing in the record to support this allegation — Amadasun's motion still fails because the appropriate remedy would be to move to vacate the arbitration award, not to reopen and proceed with litigation here. It would not disrupt the Court's order compelling arbitration, as that order determined that the district court is not the proper forum in which to resolve Amadasun's dispute with Google. If Amadasun's goal is to avoid arbitration altogether and litigate his case here, that ship has sailed. If his goal is to vacate the underlying arbitration award, a motion to vacate is the proper procedural

---

16   ECF 13.

17   ECF 8, at 1.

mechanism to do so. And even if Amadasun were successful on that motion, it likely still would not entitle him to proceed with his dispute here.

### III.     Conclusion

Amadasun's motion to reopen his case [ECF 15] is **DENIED**. Google's motion for leave to file matters under seal [ECF 21] is **GRANTED**.  The Clerk is **DIRECTED** to seal ECF 20 and its accompanying attachments. This case shall remain closed.

**SO ORDERED** this 30th day of September, 2024.

Steven D. Grimberg
United States District Judge